UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS D'AQUIN | CIVIL ACTION |
| VERSUS | NO: 16-13060 |
| FRANK FORD, ET AL | SECTION: "A" (4) |

## ORDER AND REASONS

Before the Court is a **Motion for More Definite Statement (R. Doc. 9)** filed by the Frank Ford and Frank Ford, LLC d/b/a Frank Ford Tennis (collectively "Defendants") seeking an order from the Court ordering the Plaintiff to amend his complaint to provide a more definite statement regarding his claim and the relief sought. The motion is not opposed. The motion was submitted on November 30, 2016. For the following reason, the motion is **GRANTED.**

### I. Background

This action was filed in the District Court on July 21, 2016 by Plaintiff Thomas D'aquin ("Plaintiff") asserting claims which appear to arise out of a contract dispute with the Defendants. R. Doc. 1. The Plaintiffs allegations are difficult to decipher. On one hand, the Plaintiff appears to allege that because of a contract with the Defendants his non-profit ACES attempted to relocate. R. Doc. 1, p. 1-2. After relocation, the Plaintiff further seems to allege that the Defendant wrongfully breached that the contract. *Id.* at p. 2. On the other, the Plaintiff appears to be making a claim that as an employee he was wrongfully terminated. He also appears to assert some claims connected to discrimination because the contract was terminated after "Plaintiff informed Defendant that wife was having immigration problems and was black." *Id.* For this, the Plaintiff seeks damages related to the relocation of his non-profit, loss of revenue and expenses as well as $2,000,000 in damages from each of the Defendants. *Id.*

After receiving an extension of time to answer (R. Doc. 8), the Defendants filed the instant motion for a more definite statement on November 10, 2016. R. Doc. 9. The Defendants argue that the complaint is vague, ambiguous, and incoherent. R. Doc. 9-1, p. 2. In particular, the Defendants seek clarification as to:

> 1) who the parties to the alleged contract were; (2) what the alleged contract was for (services, employment, etc.); (3) whether or not the damages Plaintiff seeks are on behalf of his alleged non-profit entity, "ACES," which has not yet been made part of this suit; (4) what Plaintiff is claiming was agreed upon by the parties with regard to moving expenses, if anything; (5) what relevance tennis balls have to the contract, and what he alleges that tennis balls are "code" for; (6) what relevance the "Homeowners Associations and Community" have to the alleged agreement(s), if Plaintiff is claiming that more than one agreement exists; and (7)whether or not Plaintiff is making a claim for employment discrimination.

*Id.* at p. 6-7.

## II. Standard for Review

Federal Rule of Civil Procedure 12(e) allows a party to move for "a more definite statement of a pleading. . .which is so vague or ambiguous that the party cannot reasonably prepare a response." Additionally, the motion must be made prior to filing a responsive pleading and "point out the defects complained of and the details desired." *Id.* However, 12(e) motions are generally disfavored given the liberal pleading standard of Rule 8. *David v. C & G Boats, Inc.*, No. 15-1655, 2015 WL 5553668, at *1 (E.D. La. Sept. 18, 2015) (Vance, J.) (citing *Mitchell v. E-Z Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)). As such, "[t]he standard for evaluating a 12(e) motion is whether the complaint is 'so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" *Phillips v. ABB Combustion Eng'g, Inc.*, No. 13-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013) (quoting *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D.La.2006)). To do this, the Court determines whether the complaint would withstand a motion to dismiss based on the

appropriate pleading standard. *Id. See also, Koerner v. Vigilant Ins. Co.*, No. 16-13319, 2016 WL 4728902, at *1 (E.D. La. Sept. 12, 2016).

Federal Rule of Civil Procedure 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "It is well-established, of course, that the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 200 (5th Cir. 2016). "'The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Koerner*, 2016 WL 4728902, at *1 (quoting *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015)). However, mere conclusory or formulistic recitation of the elements required to plead to a claim are insufficient. *See Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 555 U.S. 662, 678 (2009)).

### III. Analysis

The Defendant has filed a motion for a more definite statement under Federal Rule of Civil Procedure Rule 12(e). R. Doc. 9. The Defendant challenges that the Plaintiff's complaint is impermissibly vague, ambiguous, and incoherent, and the Defendants seek clarification for seven particular areas. R. Doc. 9-1, p. 6.

"A pleading which violates Rule 8 may be dismissed when it is 'so verbose, confused and redundant that its true substance, if any, is well disguised.'" *Young v. Marriot Corp.*, No. 92-3318, 1992 WL 329531, at *1 (E.D. La. 1992) (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.)). Upon reviewing the Plaintiff's complaint, the Court agrees with the Defendant that the complaint is vague, ambiguous, and nigh incoherent to the point that "its true substance. . .is well disguised"

even under the liberal standard used to evaluate *pro se* pleadings. *Id.*[1] Reading the complaint, the Court itself has difficulty understanding the complaint and nature of the Plaintiff's claims, including: whether the Plaintiff he is asserting a contract claim, an employment claim or both; if the Plaintiff is asserting a discrimination claim; whether the Plaintiff is asserting a claim on behalf of his alleged non-profit. As such, the Court finds that the Defendants have properly moved for a more definite statement under Rule 12(e). The Court will order the Plaintiff to address each of the Defendants' seven areas of clarification.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion for More Definite Statement (R. Doc. 9)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the Plaintiff is to address each of the following in his amended complaint:

1) Who the parties to the alleged contract were;

(2) What the alleged contract was for (services, employment, etc.);

(3) Whether or not the damages Plaintiff seeks are on behalf of his alleged non-profit entity, "ACES," which has not yet been made part of this suit;

(4) What Plaintiff is claiming was agreed upon by the parties with regard to moving expenses, if anything;

---

[1] Moreover, the Court notes that the Plaintiff has been advised and warned multiple times by courts in this District in prior litigation that self-representation does not exempt him from compliance with relevant rules of procedural and substantive law. *See D'Aquin v. Rodriguez, et al*, Civ. A. No. 15-2637, at R. Doc. 40 (E.D. La. Sept. 9, 2016); *see also D'Aquin v. Starwood Hotels and Worldwide Properties, Inc.*, Civ. A. No. 15-1963, at R. Doc. 28 (E.D. La. July 28, 2015).

(5) What relevance tennis balls have to the contract, and what he alleges that tennis balls are "code" for;

(6) What relevance the "Homeowners Associations and Community" have to the alleged agreement(s), if Plaintiff is claiming that more than one agreement exists; and

(7) whether or not Plaintiff is making a claim for employment discrimination. Motion.

**IT IS FURTHER ORDERED** that the Plaintiff shall file his amended complaint **no later than December 15, 2016.**

New Orleans, Louisiana, this 1st day of December 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**