UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS D'AQUIN | CIVIL ACTION |
| VERSUS | NO. 16-13060 |
| FRANK FORD, ET AL. | SECTION "N" (5) |

## ORDER AND REASONS

Presently before the Court is Defendants' Motion for Partial Summary Judgment (Rec. Doc. 45) filed by Defendants Frank Ford and Frank Ford, LLC d/b/a/ Frank Ford Tennis ("Defendants"). Plaintiff Thomas D'Aquin ("D'Aquin"), proceeding pro se, has filed a response in opposition (Rec. Doc. 49), to which Defendants have replied. *See* Rec. Doc. 59. Having carefully considered the supporting and opposing submissions, the record, and the applicable law, **IT IS ORDERED** that Defendants' motion is **GRANTED** for the reasons stated herein.

## I. BACKGROUND

The instant matter arises out of Defendants' alleged breach of a verbal contract with D'Aquin as well as Defendants' alleged discrimination against D'Aquin premised on the race of his wife. On July 21, 2016, D'Aquin filed a Complaint against Defendants, seeking relief for the breach of contract and alleged discrimination. *See* Rec. Doc. 1. Specifically with regard to his racial discrimination claim, D'Aquin alleges that,

> Upon discussing tennis balls Defendant had to inquire about spouse[.] Plaintiff informed Defendants that wife was having immigration problems and was black[.] Defendant states did not know spouse was not a citizen or black Defendant made tennis balls an issue and Plaintiff thought he cleared the matter up[.] Plaintiff arrived in town and informed of the tennis balls again, which he know as code[.] Defendant then informed Plaintiffs his services were not needed and

1

> contract was no longer valid. This is a very big point because Defendant or Representative states either contract or offer[.]

(Rec. Doc. 1 at p. 2). In connection with such claim, D'Aquin seeks $2,000,000 per defendant because "having to rebuild ACES Tennis Foundation and the mental and physically of the discrimination because of the person he loves is irreplaceable." *Id*. In response to D'Aquin's claims, Defendants filed a Motion for More Definite Statement (Rec. Doc. 9) on November 10, 2016. Thus, in response to this Court's Order (Rec. Doc. 10) that granted such motion, D'Aquin filed an Amended Complaint. *See* Rec. Doc. 12. In his Amended Complaint, D'Aquin states that,

> Plaintiff upon the 3 day move, Plaintiff contacted Defendants to announce his arrival. Defendants remarked about the early arrival date and the Plaintiff covers issues with his wife, When the Defendants learned his wife was Black. Defendants said he needed to go back to New Orleans because the contract was voided[.]
>
> Plaintiff is belief contacted Defendants after demonstrating extreme discrimination and racism called back and said he had contacted a legal representative said that the real issue was about the quality of tennis balls he brought in the moving truck was unprofessional and from that point forward the Defendants after speaking a lawyer as stated said it was about the tennis balls. And Plaintiff was addressing Defendants for exactly the discrimination he showed towards a protective class[.]
>
> Plaintiff is not sure if the discrimination was influenced by the sites or clubs where Plaintiff would be teaching or that the Defendants had contracted but from the conversations it was apparently so.

(Rec. Doc. 12 at p. 2). Thereafter, Defendants filed the instant motion for summary judgment, arguing that they are entitled to summary judgment as a matter of law because there are no genuine issues of material fact with regard to D'Aquin's alleged racial discrimination claim. *See* Rec. Doc. 45. Specifically, Defendants argue that: (1) D'Aquin cannot meet his burden with respect to any discrimination claim under either Title VII or 42 U.S.C. § 1981, and (2) D'Aquin did not exhaust the required administrative remedies for asserting a claim for discrimination under Title VIII. *See* Rec. Doc. 45-1 at p. 1.

2

In response to the motion, D'Aquin first argues that the motion is premature because there has not been enough discovery. *See* Rec. Doc. 49 at p. 1. D'Aquin also argues that because Defendants' company is a small company, Defendants would not be subject to the EEOC requirements relevant to exhausting administrative remedies prior to bringing a Title VII claim against an employer. *Id*. at p. 2. In addition, D'Aquin states that in addition to having "[e]qual [p]rotections to hold and sign contracts, own land, etc.," he also has "[e]qual [p]rotections [u]nder 388 [u]nder Loving 1967 [ ] [t]o enjoy the same rights as all white persons." *Id*. at p. 3. Thus, D'Aquin argues that the Court must deny Defendants' motion for summary judgment and rule in his favor. *Id*. at p. 4.

Defendants replied, arguing that D'Aquin has failed to offer any competent summary judgment evidence to support any claim for discrimination under any applicable federal law. (Rec. Doc. 59 at p. 1). With respect to any purported claim under Title VII, Defendants argue that: "(i) he has not made a claim for any form of discrimination under Title VII; (ii) he did not exhaust the administrative remedies necessary to bring a Title VII claim had he intended to bring a claim under Title VII; and (iii) any claim under Title VII is inappropriate since Defendants do not meet the statutory definition of 'employer' under 42 U.S.C. § 2000(b)." *Id*. at p. 3. With respect to any discrimination claim under 42 U.S.C. § 1981, Defendants argue that to the extent D'Aquin has made a claim for associational discrimination, he has failed to provide any evidentiary support for such claim. In addition, Defendants also assert that D'Aquin's reliance on *Loving v. Virginia*, 388 U.S. 1 (1967), is misplaced under the instant circumstances. Thus, Defendants argue that their motion for partial summary judgment should be granted, and D'Aquin's claim for discrimination should be dismissed with prejudice.

## II.     <u>RULE 56 MOTION FOR SUMMARY JUDGMENT STANDARD OF LAW</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a district court shall grant summary judgment "if the movant shows that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A fact is material if it "might affect the outcome of the suit under governing law." *Id*.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the movant may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving

party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3) ("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

Moreover, while a pro se litigant is afforded some leniency by federal courts, "this is not to say that pro se plaintiffs don't have to submit competent evidence to avoid summary judgment." *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015).

### III. LAW AND ANALYSIS

Defendants move for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure, arguing that there are no genuine issues of material fact as to D'Aquin's alleged discrimination claim. Specifically, Defendants argue that D'Aquin is unable to establish a discrimination claim under Title VII or 42 U.S.C. § 1981. *See* Rec. Doc. 45-1 at p. 1.

#### A. Title VII

Title VII prohibits an employer from discriminating against an employee on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2. Both D'Aquin and Defendants represent to the Court that Frank Ford and Frank Ford, LLC d/b/a/ Frank Ford Tennis are not subject to the Title VII requirements because Defendants do not fall within the definition of an "employer" under Title VII. An "employer" is defined under Title VII as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . ." 42 U.S.C. § 2000e. Moreover,

> Two steps are required to determine whether a defendant is an employer under the statute: (1) the defendant must fall within the statutory definition, and (2) there must be an employment relationship between the plaintiff and the defendant. *Deal v. State Farm County Mut. Ins. Co.,* 5 F.3d 117, 118 n. 2 (5th Cir.1993) (citations omitted). To determine whether a Title VII employment relationship exists, we use a hybrid economic realities/common law control test, of which the right to control an employee's conduct is the most important component. *Id.* at 118-19 (internal quotations and citations omitted). "When examining the control component, we have focused on whether the alleged employer has the right to hire and fire the employer, the right to supervise the employee, and the right to set the employee's work schedule." *Id.* at 119 (citations omitted).

*Roque v. Jazz Casino Co. LLC*, 388 F. App'x 402, 404–5, 2010 WL 2930876, at *2 (5th Cir. 2010). In addition to both D'Aquin and Defendants' representation to the Court that Defendants do not fall within the definition of an employer under Title VII, the record is devoid of any evidence

suggesting or establishing that Defendants fall within such definition. Thus, any alleged claim under Title VII fails, as there is no evidence that Defendants are an employer as defined by Title VII.

However, assuming arguendo that Defendants are considered an "employer" for purposes of Title VII, Defendants correctly assert that there is no evidence that D'Aquin exhausted the administrative remedies that are necessary to bring a Title VII claim. "Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). Moreover, while filing a charge with the EEOC "is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'" Id. at 379 (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir.1996)). Thus, given both the lack of evidence in the record that such charge was filed with the EEOC as well as D'Aquin's seeming admission in his opposition memorandum that he did not file such charge, any alleged discrimination claim under Title VII fails. *See* Rec. Doc. 49 at p. 1-2. As such, the Court finds that there are no genuine issues of material fact surrounding any alleged discrimination claim under Title VII, and Defendants are entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure as a matter of law on such claim.

   **B. <u>42 U.S.C. § 1981</u>**

Section 1981(a) of Title 42 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474, 126 S. Ct. 1246, 163 L. Ed. 2d 1069 (2006) (quoting 42 U.S.C. § 1981(a)). Section 1981(b) defines the phrase "make and enforce contracts" as including "the making, performance, modification, and termination of contracts, and the enjoyment of all

benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Specifically, "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *McDonald*, 546 U.S. at 476.

The Supreme Court has recognized that the right to contract for employment is a right that is secured by Section 1981. *Faraca v. Clements*, 506 F.2d 956, 958 (5th Cir. 1975) (citing *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 442 n. 78, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968)). In addition, the Fifth Circuit has recognized that Section 1981 as well as Title VII prohibit discrimination against an employee on the basis of a personal relationship between the employee and a person of a different race. *Floyd v. Amite Cty. Sch. Dist.*, 581 F.3d 244, 249 (5th Cir. 2009).

The evidentiary framework for a racial discrimination claim brought under Section 1981 is the same evidentiary framework that applies to employment discrimination claims brought under Title VII. *Harrington v. Harris*, 118 F.3d 359, 367 (1997) (citing *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 n. 2 (5th Cir.1996)). A plaintiff may prove a racial discrimination claim by direct evidence or "by an inferential or indirect method of proof." *Lawrence v. Univ. of Texas Med. Branch at Galveston*, 163 F.3d 309, 311 (5th Cir. 1999). If the plaintiff relies on circumstantial evidence, the Court shall utilize the burden shifting framework set forth in *McDonnell Douglas Corporation v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2003).

The *McDonnel Douglas* framework establishes that a plaintiff must first establish a prima facie case of discrimination. *Id*. In order to establish a prima facie case of racial discrimination, a plaintiff must establish that he was: (1) a member of a protected class; (2) qualified for the position

held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005) (citing *Rios v. Rossotti*, 252 F.3d 375, 378 (5th Cir.2001)). Once a plaintiff establishes a prima facie case, "the defendant must then must then articulate a legitimate, nondiscriminatory reason for the questioned employment action." *Frank*, 347 F.3d at 137. Thereafter, if the defendant is successful in doing so, "the burden shifts back to the plaintiff to produce evidence that the defendant's articulated reason is merely a pretext for discrimination." *Id*.

In the instant matter, Defendants argue in their motion that D'Aquin is unable to offer any evidence, circumstantial or otherwise, that they retaliated against him or did not honor the alleged contract between them because of his race or because his wife was of a different race. The Court agrees. D'Aquin has made conclusory allegations against Defendants with regard to his racial discrimination claim, which are insufficient to withstand a motion for summary judgment. D'Aquin has not produced any evidence to support his claim, and in his opposition, argues that Defendants are in possession of the evidence relevant to his claim. *See* Rec. Doc. 49 at p. 4. However, this Court issued a Scheduling Order on June 1, 2017, with a discovery deadline of November 23, 2017. *See* Rec. Doc. 18 at p. 5. Moreover, this Court extended the discovery deadline on November 28, 2017. *See* Rec. Doc. 62. Thus, D'Aquin has had ample opportunity to obtain the evidence needed to support his claim. And as previously stated, while a pro se litigant is afforded some leniency by federal courts, "this is not to say that pro se plaintiffs don't have to submit competent evidence to avoid summary judgment." *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015). Thus, as there are no genuine issues of material fact surrounding D'Aquin's Section 1981 claim, Defendants are entitled to summary judgment as a matter of law with regard to such claim.

## IV. CONCLUSION

Accordingly;

For the reasons stated herein, Defendants' Motion for Partial Summary Judgment (Rec. Doc. 45) is **GRANTED**, and D'Aquin's racial discrimination claims, under Title VII and Section 1981, are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 18th day of January 2018.

                                                **KURT D. ENGELHARDT**
                                                **UNITED STATES DISTRICT JUDGE**