# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

THOMAS D'AQUIN                                                        CIVIL ACTION

VERSUS                                                               NO. 16-13060

FRANK FORD, ET AL.                                                   SECTION "N" (5)

## ORDER AND REASONS

Presently before the Court is a Motion to Dismiss Pursuant to Rule 12(b)(1) (Rec. Doc. 71) filed by Defendants Frank Ford and Frank Ford, LLC d/b/a Frank Ford Tennis ("Defendants"). In response, Plaintiff Thomas D'Aquin ("D'Aquin") filed a memorandum in opposition (Rec. Doc. 73), to which Defendants have replied. *See* Rec. Doc. 79. Having carefully considered the supporting and opposing submissions, the record, and the applicable law, **IT IS ORDERED** that the motion is **DENIED** for the reasons stated herein.

First, Defendants argue that to the extent that Defendants' motion for partial summary judgment (Rec. Doc. 45) is granted, this Court should not exercise supplemental jurisdiction over D'Aquin's breach of contract claim. However, this Court will first address Defendants' second argument relevant to whether this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 over the remaining breach of contract claim.[1] *See* Rec. Doc. 71-1 at p. 8.

---

[1] The Court must address whether it has original jurisdiction over the remaining breach of contract claim prior to assessing whether it should exercise supplemental jurisdiction. In *Watson v. City of Allen, Tx.*, 821 F.3d 634, 638 (5th Cir. 2016), the Fifth Circuit explained,

> The district court addressed the propriety of retaining supplemental jurisdiction before addressing CAFA jurisdiction. CAFA, however, provides for original jurisdiction. 28 U.S.C. § 1332(d)(2). If CAFA applies, the district court has original jurisdiction over the entire action and there is no "supplemental" jurisdiction at all. Indeed, the test to determine whether exercise of supplemental jurisdiction was

1

While this Court granted the Defendants' motion for partial summary judgment (Rec. Doc. 45) on January 18, 2018, dismissing D'Aquin's federal discrimination claim under Title VII and/or 42 U.S.C. § 1981, Defendants conceded in the instant motion that D'Aquin and Defendants are citizens of different states, and D'Aquin has alleged that the amount in controversy exceeds $75,000. *Id*. However, Defendants argue that D'Aquin has not met his burden of proof to demonstrate that his breach of contract claim exceeds the jurisdictional threshold.

Pursuant to 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. With regard to the amount in controversy,

> The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. It has long been recognized that "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." To justify dismissal, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." We have previously indicated, however, that this "legal certainty" test has limited utility—in fact is inapplicable—when the plaintiff has alleged an indeterminate amount of damages. Furthermore, "bare allegations [of jurisdictional facts] have been held insufficient to invest a federal court with jurisdiction.". . . when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. Importantly, the jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached.

---

proper includes a query into whether "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.A. § 1367(c)(3). That question cannot be answered until we have determined whether the district court properly exercised jurisdiction over the action pursuant to CAFA. We start there.

Thus, this Court addresses whether it has original subject matter jurisdiction under 28 U.S.C. § 1332 over the remaining claims prior to any analysis of supplemental jurisdiction.

*St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998) (internal citations omitted). With regard to a claim for a specific amount of damages, "[w]hen the defendant has challenged the amount in controversy in the proper manner, the plaintiff must support his allegations of jurisdictional amount with competent proof . . . [T]he plaintiff, must show 'that it does not appear to a legal certainty that its claim is for less than the jurisdictional amount.'" *Bloom v. Depository Tr. Co.*, 136 F.3d 1328, 1998 WL 44542, at *1 (5th Cir. 1998) (internal citations omitted).

Based upon allegations in D'Aquin's Amended Complaint (Rec. Doc. 12), it appears that he is claiming a specific amount of monetary damages.[2] In his Amended Complaint, D'Aquin seeks "damages from the breaking of ties and teaching agreements to teach tennis that was costing 75,000 in lost revenue a year." *See* Rec. Doc. 12 at p. 3.[3]

Assuming that D'Aquin is claiming a specific amount of damages, it does not appear as though he has made his claim for damages with sufficient detail. D'Aquin's Amended Complaint fails to give any basis for which he claims a loss of $75,000 in revenue per year. D'Aquin's unsupported and conclusory claims for lost revenue in excess of the jurisdictional amount does not vest this Court with original jurisdiction. Moreover, as Defendants point out in their motion D'Aquin,

---

[2]     D'Aquin's original Complaint (Rec. Doc. 1) claimed damages for $2,000,000 per Defendant for the allegations described therein. In response to D'Aquin's Complaint, Defendants filed a Motion for More Definite Statement (Rec. Doc. 9), which this Court granted. *See* Rec. Doc. 10. Pursuant to this Court's Order, D'Aquin filed his Amended Complaint, seeking "damages from the breaking of ties and teaching agreements to teach tennis that was costing 75,000 in lost revenue a year." (Rec. Doc. 12).

[3]     In his response to the instant motion, D'Aquin claims that he was fifty-four at the time that the contract was allegedly breached, and since sixty-seven is the retirement age, he would be entitled to $75,000 per year for thirteen years. *See* Rec. Doc. 73 at p. 4. Moreover, he alleges that the contract would actually be for over $75,000. *Id.*

> (i) does not allege that he actually performed any services under the alleged verbal contract, (ii) does not allege that Defendants failed to pay him for any services under the alleged verbal contract, (iii) fails to set forth adequate allegations that would permit the Court or Defendants to understand the financial terms of the alleged verbal contract, and (iv) fails to adequately set forth any moving expenses that were incurred by Mr. D'Aquin in his move.

(Rec. Doc. 71-1 at p. 9). Thus, such bare allegations regarding the amount in controversy are insufficient. This Court finds that it appears, on the showing made, to a legal certainty that D'Aquin's claim is for less than the jurisdictional amount. Thus, this Court lacks original subject matter jurisdiction over the breach of contract claim, as D'Aquin has not satisfied his burden in establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold.

However, the Court will exercise supplemental jurisdiction over the remaining breach of contract claim. Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Thus, the question under this section is "whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, they 'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy*, 532 F .3d 342, 346 (5th Cir.2008) (quoting *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 725 (1966)). In the instant matter, D'Aquin's allegations regarding his federal discrimination claim and the breach of a verbal contract derive from a common nucleus of operative fact, as D'Aquin relates the breach of the verbal contract to Defendants' alleged discrimination against him. *See* Rec. Doc. 12; *see also* Rec. Doc. 1.

Thus, in determining whether the Court should retain jurisdiction over the state law claims, this Court must examine the factors set forth in 28 U.S.C. § 1367(c) as well as the common law

factors of judicial economy, convenience, fairness, and comity. *Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011). Specifically, the statutory factors the Court must consider are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Moreover, "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Watson v. Cty. of Allen Tx.*, 821 F.3d 634, 642 (5th Cir. 2016). However, this rule is "neither mandatory nor absolute." *Brookshire Bros. Holding v. Dayco Prod., Inc*., 554 F.3d 595, 602 (5th Cir. 2009)

In the instant matter, there are not any novel or complex issues of state law present. The allegation involves the breach of a verbal contract, so this factor would not favor dismissal. However, the state law breach of contract claim predominates over the now dismissed allegations of discrimination. Thus, the second and third statutory factors would favor dismissal of the action. Moreover, since the general rule is that a district court should decline to exercise supplemental jurisdiction once all federal-law claims have been eliminated before trial, the fourth factor would also weigh in favor of dismissal.

However, the common law factors of judicial economy, fairness, convenience, and comity do not weigh in favor of dismissal. This matter has been pending in this Court for almost two years, and this Court has expended considerable resources in deciding various motions that have been filed. Moreover, this Court is familiar with the subject matter of the case, and the trial date is only a few weeks away. *See Brookshire Bros. Holding*, 554 F.3d at 602 ("Our case law is clear that when a district court declines to exercise jurisdiction over remaining state law claims following

the dismissal of all federal-law claims and remands a suit after investing a significant amount of judicial resources in the litigation analogous to that invested by the district court in this case, that court has abused its discretion under 28 U.S.C. § 1367."); *Cangelosi v. New Orleans Hurricane Shutter & Window, L.L.C.*, No. CIV.A. 12-427, 2013 WL 395138, at *6 (E.D. La. Jan. 31, 2013) (". . . Cangelosi's pendent state law claims should not be dismissed. In so finding, the Court considers important the advanced procedural posture of this case, the fact that the bench trial of this matter is less than two months away, the fact that the Court has already decided one substantive motion in this case and is quite familiar with the facts, and the fact that the prescriptive period on some of Cangelosi's state law claims may have already run."). Thus, the Court finds that it would be both judicially uneconomical and prejudicial to D'Aquin if it declined to exercise supplemental jurisdiction over the remaining claims.

Accordingly;

For the reasons stated herein, **IT IS ORDERED** that the Motion to Dismiss Pursuant to Rule 12(b)(1) (Rec. Doc. 71) filed by Defendants Frank Ford and Frank Ford, LLC d/b/a Frank Ford Tennis is **DENIED**.

New Orleans, Louisiana, this 28th day of February 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**